IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 21-cv-00791-RBJ
Criminal Action No. 12-cr-00043-RBJ-1

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

DAVID GREGORY DEWITT,

      Defendant/Movant.

# ORDER

      The criminal judgment in this case entered against Defendant David Gregory Dewitt on May 15, 2014. (ECF No. 215). Nothing, including an appeal, has been filed with the Court since May 19, 2014. (*See* docket). On March 17, 2021, Mr. Dewitt filed the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* now before the Court (ECF No. 226).[1] The motion is untimely.

      A one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

      The limitation period shall run from the latest of-

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Because Mr. Dewitt is *pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Mr. Dewitt did not file an appeal, his conviction became final 14 days after judgment entered: May 29, 2014.   *See United States v. Prows,* 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . ."). As such, Mr. Dewitt had until May 20, 2015 to seek relief under § 2255.   Mr. Dewitt's present § 2255 motion filed on March 17, 2021 is therefore well past the one-year deadline.

In the motion, Mr. Dewitt contends the one-year time bar does not apply because of "a new ruling" from the state court on February 24, 2021—he alleges that a state court found counsel (the same counsel who represented Mr. Dewitt in this case) ineffective in connection with the negotiation of a plea agreement in his state case.   (ECF No. 226 at 11).   The argument is unavailing.   Under § 2255(f)(3), accrual of the statute of limitations runs from the date a right is newly recognized by the United States Supreme Court.   That section does not apply, however, to rulings made by a state court.

Moreover, both claims presented in Mr. Dewitt's § 2255 motion allege that counsel in this case was ineffective throughout the plea negotiation process, which has resulted in his federal sentence running consecutively to his state sentence, instead of concurrently.   (ECF No.

2

226 at 14-16). But all of the claimed missteps by counsel occurred in 2014 and, at the latest, in 2015. (*Id.*). And the underlying facts supporting Mr. Dewitt's claims—*e.g.*, his written plea agreement—would have been known to him in 2014 and 2015. Thus, the statute of limitations did not begin to run under § 2255(f)(4).

For these reasons, it plainly appears Mr. Dewitt's motion is time-barred because it was not filed within one year from the date his conviction became final.[2] It is therefore

**ORDERED** that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 226) is DENIED as untimely. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Mr. Dewitt has not made a substantial showing of the denial of a constitutional right. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, March 19, 2021.

BY THE COURT:

R. Brooke Jackson
United States District Judge

---

[2] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings.